# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

CENTRE 11 LLC,

    Plaintiff,

v.

STEVEN GOLDSTEIN,

    Defendant.

Case No. 23-cv-03981-BLF

**ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On August 15, 2023, the Court issued an Order to Show Cause directing Defendant Steven Goldstein ("Goldstein") to show cause why this unlawful detainer action should not be remanded to the Santa Clara County Superior Court for lack of federal subject matter jurisdiction. *See* OSC, ECF 10. Goldstein filed a timely response to the Order to Show Cause on August 28, 2023, which the Court has reviewed. *See* Response, ECF 12. For the reasons discussed below, the action is hereby REMANDED to the Santa Clara County Superior Court for lack of federal subject matter jurisdiction.

Plaintiff Centre 11 LLC ("Centre") filed the complaint in the superior court on May 24, 2023, asserting a single claim for unlawful detainer against Goldstein. *See* Not. of Removal Ex. A (Complaint), ECF 1. Centre alleges that starting in May 2016, it leased to Goldstein real property located at 184 Centre Street, Unit #6, Mountain View, California 94041. *See id.* ¶ II-IV. Centre further alleges that Goldstein fell behind on rent payments and that $5,156.22 was due and owing as of April 30, 2023. *See id.* ¶ VI. On April 17, 2023, Centre served Goldstein with a written notice directing Goldstein to pay the amount due or deliver possession of the premises within three days. *See id.* ¶ VII. Goldstein allegedly failed to pay the amount due or deliver the premises. *See id.* ¶ VIII. Centre seeks possession of the premises, unpaid rent, and damages in the amount of

$57.29 per day from May 1, 2023 for each day Goldstein continues in possession of the premises. *See id.* Prayer.

Goldstein removed the unlawful detainer action to federal district court on August 8, 2023, asserting the existence of federal question jurisdiction under 28 U.S.C. § 1331. *See* Not. of Removal. Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As this Court pointed out in the Order to Show Cause, the complaint raises a single claim of unlawful detainer under California state law and therefore does not present a federal question on its face.

Goldstein's response to the Order to Show Cause does not identify a basis for federal question jurisdiction. In fact, the response does not address the issue of jurisdiction at all. Goldstein does assert that he has viable defenses to the unlawful detainer action under a federal statute, the Protecting Tenants at Foreclosure Act ("PTFA"). However, "a case may *not* be removed to federal court on the basis of a federal defense[.]" *Caterpillar*, 482 U.S. at 393. "Courts in this circuit routinely determine that the PTFA cannot form the basis for federal question jurisdiction where a plaintiff's only cause of action is for unlawful detainer under California law." *Wilmington Sav. Fund Soc'y v. Bagheri*, No. CV 23-1210-MWF (X), 2023 WL 3005005, at *3 (C.D. Cal. Apr. 19, 2023) (collecting cases).

Accordingly, the Court finds that it lacks federal subject matter jurisdiction over this unlawful detainer action, and that the action must be remanded to the superior court.

**ORDER**

(1) This action is REMANDED to the Santa Clara County Superior Court; and

(2) The Clerk shall close the file in this Court.

Dated: August 29, 2023

_____
BETH LABSON FREEMAN
United States District Judge

2